UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00068-KDB
(3:13-cr-00258-RJC-DCK-1)

| | |
|---|---|
| **JAMES HOLLAND HELMS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [CV Doc. 1].[1]

On October 25, 2016, Petitioner James Holland Helms ("Petitioner") pleaded guilty to one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One). [CR Doc. 21: Plea Agreement]. Petitioner was sentenced by this Court to a term of imprisonment of 75 months. [CR Doc. 36 at 2: Judgment]. Petitioner did not file a direct appeal and has not filed a motion to vacate sentence under 28 U.S.C. § 2255.

On May 28, 2020, Petitioner filed the pending motion, which he characterizes as one pursuant to 28 U.S.C. § 2241. [CV Doc. 1]. In this motion, Petitioner challenges "[t]he validity of [his] conviction or sentence imposed." [Id. at 3]. As grounds, Petitioner states that, "[i]n light of Rehaif v. United States, the United States v. James Holland Helms conviction under section 922(g)(1) is unconstitutional." [Id.]. Petitioner argues, in part, that under Rehaif, "to obtain a

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:20-cv-00068-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:16-cv-00015-KDB-DCK-1.

conviction under section 922(g), the government 'must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons bared [*sic*] from possessing a firearm.'" [Id. at 5 (citing Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019)]. Further, "[a]t the time [Petitioner] entered his Plea, no one in the Courtroom, including [Petitioner], his counsel, the government, or the court, understood the essential elements of the 922(g) offence [*sic*]." [Id.]. For relief, Petitioner asks that his guilty plea and conviction be vacated, the $100.00 assessment be returned, and for any other appropriate relief. [Id. at 4].

On initial review of Petitioner's motion, the Court advised Petitioner that, although Petitioner purports to file his motion pursuant to Section 2241, it provides no relief here. Petitioner is not attacking the way his sentence is being executed. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). He is attacking his conviction. Further, Section 2255's savings clause does not apply to allow relief under 2241 either. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). The Court instructed Petitioner that it intends to characterize the pending motion as a Section 2255 motion to vacate and gave Petitioner the opportunity, pursuant to United States v. Castro, 540 U.S. 375 (2003), to state whether he intended to bring the action as one arising under Section 2255. [Doc. 5 at 3]. On June 10, 2020, the Court ordered that Plaintiff had 20 days to respond to the Court's Castro Order. [Id. at 4]. The Court also advised Plaintiff that his motion may be untimely and directed Plaintiff to explain in his response why the action should not be dismissed. [Id. at 4-5].

Petitioner has not responded to the Court's Order in this action. Plaintiff did, however, file a separate action pursuant to Section 2255, which appears duplicative of the instant action. [Civil Case No. 5:20-cv-00085-KDB, Doc. 1]. As such, the Court will dismiss Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 for Petitioner's failure to prosecute and as

2

duplicative of another action pending with this Court.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Clerk is instructed to terminate these proceedings.

Signed: March 2, 2021

Kenneth D. Bell
United States District Judge